IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| BRADLEY JOSEPH STEIGER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CASE NO. 2:19-CV-613-WKW |
|  | ) | [WO] |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# **ORDER**

Petitioner Bradley Joseph Steiger initially filed this action as a 28 U.S.C. § 2241 petition for habeas corpus relief with the United States District Court for the Northern District of California. In his petition, he requested the "court to issue an order barring the U.S. Federal Probation Office from transferring him from California to Alabama to serve his term of federal supervised release." (Doc. # 5, at 1.) The District Court for the Northern District of California found that Mr. Steiger's request for habeas relief lacked merit because "Petitioner has not shown he has a liberty interest in the site of his supervised release. He therefore has not shown that he [is] 'in custody in violation of the Constitution or laws of the United States[,]'" a requisite element for habeas relief. (Doc. # 5, at 3.) The California court ordered Mr. Steiger to show cause why his habeas petition should not be

dismissed. (Doc. # 5, at 1.) Specifically, the court made the following determination:

> Whether petitioner is entitled to relief under section 2241 turns on whether he has a liberty interest in keeping his supervised release in California. *United States v. Ohler*, 22 F3d 857, 858 (9th Cir. 1994) (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986)). Petitioner contends he should be allowed to stay in California because he has no resources or family in Alabama; his mother is here in California; he has housing here in California, owing to Veterans Administration representatives locating a shelter that admits "SO's" [sex offenders]; Alabama has no such shelters; a transfer to Alabama would interfere with the goals of supervised release, that is, "to facilitate the re-entry of a federal releasee back into society" in an effective manner; and the location of federal supervised release is not a term or condition within the meaning of the Federal Rule of Criminal Procedure Rule [31.2], which governs the modification of supervised release. . . .
>
> None of this establishes that petitioner has a liberty interest in the site of his supervised release. The availability of resources, access to family, and re-entering society are significant matters, but petitioner has not shown that they create a liberty interest under the facts of this case. *See Ohler*, 22 F.3d at 859 (no liberty interest in the site of probation jurisdiction).
>
> Also, his citation to Rule 31.2 is unavailing. That rule does not govern the transfer of supervised release jurisdiction. Rather, it relates to the initial appearance before a magistrate for a person held in custody for violating supervised release (Rule 31.2(a)); judicial revocation of probation or supervised release (Rule 31.2(c)). Courts have rejected the notion that Rule 31.2 creates a liberty interest in the location of supervised release. *See Ohler*, 22 F.3d at 858.

(Doc. # 5, at 2–3.)

In light of the foregoing, the United States District Court for the Northern District of California concluded that Mr. Steiger's action was actually one seeking

"to modify the terms of his supervised release." (Doc. # 8); *see United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."). The Northern District of California therefore determined that "[j]urisdiction [for such a motion] . . . properly lies with the court that imposed sentence." (Doc. # 8.) Consequently, pursuant to 18 U.S.C. § 3605, that court issued an order transferring the motion for modification of the terms of Mr. Steiger's supervised release to this court because it is "the court that sentenced petitioner and devised the terms of his supervised release." (Doc. # 8.)

Upon receipt of this case in this district, the Clerk of the Court opened it as a petition for habeas relief under 28 U.S.C. § 2241 — the original style of the case — since it was transferred as a civil matter. However, as set forth above, prior to transferring this action, the United States District Court for the Northern District of California determined that, while Mr. Steiger was not entitled to habeas relief, he could proceed on a motion to modify the terms of his supervised release in his criminal case in this district.

Based on the foregoing, it is ORDERED as follows:

(1) Pursuant to the order of transfer issued by the United States District Court for the Northern District of California on August 20, 2019 (Doc. # 8), the

document that is identified in this civil action as a 28 U.S.C. § 2241 habeas petition (Doc. # 1) is CONSTRUED as a motion to modify the terms of Mr. Steiger's supervised release;

(2) The motion to modify the terms of supervised release (Doc. # 1) and the Order of Transfer (Doc. 8) shall be filed in Mr. Steiger's criminal case — *United States v. Steiger*, 2:00-CR-170-ECM-SMD; and

(3) The Clerk of the Court is directed to close this civil action.

DONE this 13th day of September, 2019.

                                                    /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE